Filed 11/7/13  P. v. Chinchilla CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048245 |
| v. | (Super. Ct. No. 08CF3485) |
| BYRON CHRISTOPHER CHINCHILLA, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Frank F. Fasel, Judge.  (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Byron Christopher Chinchilla on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against her client but advised the court no issues were found to argue on his behalf. Pursuant to *Anders v. California* (1967) 386 U.S. 738, to assist the court with its independent review, counsel provided the court with information as to issues that might arguably support an appeal. Counsel raised the following two questions: (1) Was Chinchilla's Sixth Amendment right to counsel violated when trial counsel waived his own personal presence for the resentencing hearing, instead of appearing by telephone; and (2) was Chinchilla's right to be present at a critical stage of the criminal proceedings against him violated by trial counsel's waiver of Chinchilla's presence.

We granted Chinchilla 30 days to file a supplemental brief. That time has passed, and he did not file a supplemental brief. We have reviewed the information counsel provided, and we have independently examined the record. We found no arguable issues. (*People v. Wende* (1979) 25 Cal.3d 436.) The judgment is affirmed.

FACTS

A jury convicted Chinchilla of four counts of attempted murder (Pen. Code, §§ 664, subd. (a), 187, subd. (a))[1] (counts 1-4), shooting at an occupied motor vehicle (§ 246) (count 5), four counts of assault with a semiautomatic firearm (§ 245, subd. (b)) (counts 6-9), second degree robbery (§§ 211, 212.5, subd. (c)) (count 11), street terrorism (§ 186.22, subd. (a)) (count 12), being an active participant in a criminal street gang and having a concealed firearm in the vehicle (§ 12025, subds. (a)(1) & (b)(3)) (count 13), and receiving stolen property (§ 496, subd. (a)) (count 14). The jury also found true street terrorism and firearm enhancements (§§ 186.22, subd. (b)(1), 12022.53, subds. (b), (c) & (e)(1), 12022.5, subd. (a)).

---

[1] All further statutory references are to the Penal Code.

In his first appeal, Chinchilla argued the trial court erred in imposing 10-year enhancements for vicarious use of a firearm and 10-year enhancements for street terrorism on counts 1, 2, 3, 4, and 11. The Attorney General conceded the error. As to counts 6 through 9, Chinchilla contended the trial court erred in imposing 10-year terms on the street terrorism enhancements. Again, the Attorney General conceded the error. Additionally, relying on *People v. Mesa* (2012) 54 Cal.4th 191, Chinchilla asserted his sentence on count 12, street terrorism, must be stayed because he could not be punished for committing both street terrorism, and the charged felonies used to establish the felonious criminal conduct element of street terrorism. The Attorney General agreed again. We affirmed in part, reversed in part, and remanded for resentencing.[2] We remanded the matter for resentencing on counts 1, 2, 3, 4, and 11. The matter was also remanded for resentencing on counts 6 through 9, and count 12.

Consistent with our opinion, the trial court resentenced Chinchilla. The record reflects no court reporter was present at the resentencing, and that both the prosecutor and defense attorney appeared by telephone. The trial court vacated the enhancement sentences on counts 1, 2, 3, 4, and 11. The court did not impose enhancement punishment on any of these counts. The court also vacated the enhancement sentences on counts 6, 7, 8, and 9. The court did not impose enhancement punishment on any of these counts. Lastly, the trial court vacated the sentence on count 12. It then imposed a sentence of two years and stayed execution of the sentence pursuant to section 654. Chinchilla filed a timely notice of appeal.

DISCUSSION

A defendant's right to counsel under the Sixth Amendment applies at all critical stages of a criminal proceeding where the defendant's substantial rights are at stake. (*People v. Crayton* (2002) 28 Cal.4th 346, 362.) Sentencing is a critical stage in a

---

[2] *People v. Chinchilla* (Dec. 27, 2012, G045111) [nonpub opn.].

3

criminal prosecution. (*People v. Doolin* (2009) 45 Cal.4th 390, 453.) A criminal defendant also has a statutory right to be present at sentencing. (See § 977, subd. (b).) A defendant shall be present during sentencing, unless he waives that right and asks that his lawyer appear. (*People v. Davis* (2005) 36 Cal.4th 510, 532 (*Davis*).)

The right to be present at sentencing and the right to counsel are federal constitutional rights. Accordingly, we apply the "harmless beyond a reasonable doubt" standard in *Chapman v. California* (1967) 386 U.S. 18 (*Chapman*). (*Davis, supra,* 36 Cal.4th at p. 532.) "Error under sections 977 and 1043 is state law error only, and therefore is reversible only if '"it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." [Citation.]' [Citations.]" (*Davis, supra,* 36 Cal.4th at pp. 532-533.) The defendant has the burden of demonstrating his absence and the lack of counsel resulted in prejudice or violated his right to a fair and impartial trial. (*People v. Blacksher* (2011) 52 Cal.4th 769, 799.)

The record reflects Chinchilla was not present at the resentencing hearing, and his attorney appeared by telephone. It is unclear from the record whether counsel was authorized to waive Chinchilla's presence. Counsel questions whether Chinchilla's Sixth Amendment right to counsel was violated when trial counsel waived his own presence for the resentencing, and whether Chinchilla's right to be present at the resentencing was violated by trial counsel's waiver of Chinchilla's presence.

Even assuming it was error for the trial court to have proceeded with the resentencing without counsel and Chinchilla being personally present, we find no error under either the *Chapman* standard or the less stringent *Watson* standard. The court was simply following the specific directions given it by the appellate court. Those directions did not afford the trial court any discretion and resulted in a benefit to Chinchilla. We find beyond a reasonable doubt no more favorable result could have occurred had counsel and Chinchilla been personally present.

DISPOSITION

The judgment is affirmed.


                                        O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


IKOLA, J.


5